**AFFIRMED; Opinion Filed May 6, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00844-CV

**ABBAS ZAHRAEI, Appellant**
**V.**
**MOHAMMAD-REZA KHOSH-SIRAT, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-05451-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Abbas Zahraei[1] appeals from the trial court's order denying his special appearance challenging personal jurisdiction. We affirm and, because the issues are settled in law, issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### I. Background

Abbas is a resident of Iran. In 2012, he joined with a Texas resident to form a Texas limited-liability company for purposes of investing and conducting business in the state. In 2014, that company, AZ&H Investment Co. LLC, acquired a 50% interest in a commercial property located in Plano, Texas. To facilitate the transaction, AZ&H took out a loan from First United Bank in Denton, Texas, for which Abbas signed as a guarantor.

---

[1] Two of the key actors in this appeal are father and daughter. To avoid confusion, we refer to them by their first names.

Later that year, Abbas enlisted the help of his Georgia-resident daughter, Sarah Zahrai,[2] and Texas resident Mohammad-Reza Khosh-Sirat, in forming a new limited-liability company for the purpose of acquiring the Plano Property. At Abbas's instruction, Khosh-Sirat formed AZS Holding Company LLC in September 2014. According to AZS's tax filings, Abbas owned 100% of AZS's profits and 99% of its capital, while Sarah owned the other 1% of the capital.

AZS acquired the entire Plano Property in January 2015. Abbas traveled to Texas for the closing and signed all of the closing documents. Sarah also traveled to Texas around this time to meet with Khosh-Sirat. As part of the deal, AZS assumed AZ&H's loan with First United. AZS also opened a bank account with First United at the Denton location.

Khosh-Sirat initially managed AZS's commercial business at the Plano Property, but he soon left the company after a dispute arose about his compensation. When negotiations to resolve Khosh-Sirat's claims fell through, he filed a lawsuit against AZS in December 2015. AZS did not file an answer. Khosh-Sirat therefore filed a motion for default judgment on July 15, 2016. Twelve days later, on Abbas's instruction, AZS sold its sole asset (the Plano Property) to a third-party company, JNM Legacy Properties Plano, LLC. AZS received $640,961.24 from the sale, which was wired into AZS's Texas bank account. Abbas withdrew the sale proceeds three days later, all $640,961.24, leaving AZS with no assets.

In September 2016, Khosh-Sirat obtained a default judgment against AZS in the amount of $78,000. After learning AZS had transferred its sole asset to a third party, Khosh-Sirat sued AZS, Abbas, Sarah, and JNM, alleging that the sale of the Plano Property was a fraudulent transfer aimed at preventing him from collecting the debt owed by AZS. Abbas and Sarah each filed special appearances contesting personal jurisdiction.

---

[2] We adopt the parties' spellings. Sarah's last name consistently appears spelled this way.

Along with his special appearance, Abbas filed an unsworn declaration acknowledging that he asked Sarah to sell the Plano Property. In connection with her special appearance, Sarah testified, among other things, that: (1) she traveled to Texas on behalf of Abbas to meet Khosh-Sirat in January 2015; (2) she understood that the Plano Property was Abbas's property; (3) she understood that AZS was Abbas's company; (4) she was not aware she had any ownership interest in AZS; (5) Abbas gave her power of attorney to act on his behalf in Texas; (6) she participated in leasing commercial spaces in the Plano Property; (7) she signed an agreement with a Texas real-estate broker (on behalf of Abbas) to facilitate the eventual sale of the Plano Property; (8) she signed the deed transferring the Plano Property to JNM; and (9) Abbas withdrew the sale proceeds from AZS's Texas account.

In May 2017, the trial court entered a judgment holding that AZS fraudulently transferred the Plano Property. But it severed that judgment into a new case, and it did not issue a ruling concerning either Abbas's or Sarah's liability in an individual capacity. After a hearing, however, the trial court denied Abbas's special appearance without issuing findings of fact or conclusions of law.

## II. Discussion

### A. Standard of review

"Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo." *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). "When, as here, the trial court does not issue findings of fact and conclusions of law, all relevant facts that are necessary to support the judgment and supported by the evidence are implied." *Id*.

Texas courts may exercise personal jurisdiction over a nonresident if it is both permitted by the Texas long-arm statute and consistent with constitutional due-process guarantees. *Retamco*

*Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009). The Texas long-arm statute reaches "as far as the federal constitutional requirements for due process will allow." *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045 ("Long-Arm Jurisdiction in Suit on Business Transaction or Tort"). Thus, Texas courts may exercise personal jurisdiction over a defendant who has sufficient minimum contacts in the state, as long as exercising that jurisdiction would be consistent with traditional notions of fair play and substantial justice. *Retamco*, 278 S.W.3d at 338.

To establish sufficient minimum contacts, a nonresident must purposefully avail itself of the privilege of conducting activities in Texas, thus invoking the benefits and protections of Texas law. *Id.* Whether the defendant's activities take place in or out of Texas, they must "justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *Id.* Three principles must guide our purposeful-availment inquiry: (1) only the defendant's contacts with Texas are relevant—not the unilateral activities of others; (2) the defendant's contacts "must be purposeful rather than random, fortuitous, or attenuated"; and (3) the defendant must seek some advantage, benefit, or profit through its Texas contacts. *Id.* (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)).

A nonresident defendant's contacts with Texas may give rise to two types of personal jurisdiction: specific or general.[3] *Id.* Specific jurisdiction is established if the cause of action arises out of or relates to the nonresident's purposeful contacts with the state. *Id.* A claim arises from or relates to those contacts if there is a "substantial connection between [the] contacts and the operative facts of the litigation." *Moki Mac*, 221 S.W.3d at 585. Our specific-jurisdiction analysis therefore focuses on the relationship among the defendant, the state, and the litigation. *Id.* at 575–

---

[3] Although Khosh-Sirat also alleges general jurisdiction in support of the trial court's denial of Abbas's special appearance, we need not reach that issue because we conclude the trial court has specific jurisdiction over Abbas.

Further, we must analyze jurisdictional contacts on a claim-by-claim basis unless all claims arise from the same contacts. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150–51 (Tex. 2013).

### B. Abbas Zahraei's contacts establish specific jurisdiction

Khosh-Sirat presented evidence supporting his allegations that Abbas: (1) hired or partnered with Texas residents to form Texas entities for the purpose of acquiring and profiting from Texas real property; (2) traveled to Texas to facilitate the acquisition of Texas real property; (3) guaranteed a loan from a Texas bank to acquire the real property; (4) instructed his agents to sell the Texas real property after receiving notice of Khosh-Sirat's claims arising out of the acquisition and management of that real property; (5) withdrew from a Texas bank account the proceeds of the sale of the Texas real property; and (6) liquidated the only assets of a Texas entity over which he maintained 99% ownership and total control, leaving the entity unable to satisfy Khosh-Sirat's claims. Khosh-Sirat therefore met his initial burden of pleading allegations sufficient to bring Abbas within the reach of Texas's long arm statute. *See Effel v. Rosberg*, No. 05-17-01332-CV, 2018 WL 4403444, at *4 (Tex. App.—Dallas Sept. 17 2018, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1), (2). Accordingly, Abbas had the burden of negating all alleged bases of personal jurisdiction. *Effel*, 2018 WL 4403444, at *4. He did not meet that burden.

Abbas contends his contacts with Texas are insufficient to establish specific jurisdiction because almost all of his conduct occurred outside of the state and because he merely received the proceeds from the allegedly fraudulent transfer. He boils his argument down to a claim that his only contact is an email directing the bank to remove the sale proceeds from the AZS account. In support, Abbas relies primarily on the Texas Supreme Court's holding in *Old Republic* that the mere receipt by a nonresident of money alleged to have been fraudulently transferred out of the

state is insufficient to establish personal jurisdiction. *See Old Republic*, 549 S.W.3d at 563–64. His reliance on *Old Republic* is misplaced.

In *Old Republic*, the defendant was accused of conspiring with a Texas resident to shield the Texas resident's assets by—among other things—"knowingly accept[ing] and deposit[ing] sales proceeds . . . . derived from Texas real property, then transferring them back to" the Texas resident. *See id.* at 560. The supreme court determined that mere receipt and transfer of the funds by the nonresident was insufficient to support a conclusion that the nonresident purposefully availed herself of the benefits of Texas law. *See id.* at 563–64. But the evidence and allegations against Abbas go much further.

Unlike the defendant in *Old Republic*, Abbas did not merely receive the transferred funds. He directed AZS to be formed, had it done under Texas law, and did it with the specific intent to acquire the Plano Property from AZ&H, another entity in which he held an ownership interest.[4] He traveled to Texas to secure the acquisition of that property, and the lawsuit in this case relates to Abbas's alleged efforts to avoid a Texas judgment obtained based on a dispute arising out of that acquisition. Moreover, Abbas withdrew all of the assets of a Texas entity (AZS) he owned and controlled from its Texas bank account,[5] rendering AZS insolvent, despite receiving knowledge of Khosh-Sirat's claim nearly a year before. He did this after directing the sale of the Plano Property. Under these circumstances, we conclude Abbas's activities in and directed at this Texas property and the profits therefrom are sufficient to "justify a conclusion that [he] could reasonably anticipate being called into a Texas court." *Retamco*, 278 S.W.3d at 338.

---

[4] As there were no factual findings issued by the trial court, we resolve all factual issues supported by the evidence in favor of the judgment.

[5] The connection to the Texas bank account here is different than in other cases where courts have determined a connection to a Texas bank account to be insufficient. *See Mitchell v. Freese & Goss*, No. 05-15-00868-CV, 2016 WL 3923924, at *4-5 (Tex. App.—Dallas July 15, 2016, pet. denied) (mem. op.) (defendant cashing check drawn on Texas bank is not his contact to Texas, it is plaintiff's, and therefore is not purposeful); *Riverside Exports, Inc. v. B.R. Crane & Equip.*, 362 S.W.3d 649, 654 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (defendant wiring money to Texas company in its Texas bank account not sufficient to subject defendant to personal jurisdiction). In any event, the existence of the bank account alone does not command our conclusion here. The totality of contacts inform our conclusion that the trial court did not err if it concluded it had specific jurisdiction over Abbas.

We also conclude that requiring Abbas to defend himself in Texas courts would not violate traditional notions of fair play and substantial justice. *See id.* at 341 ("Only in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state.") (cleaned up).[6] Khosh-Sirat has an interest in having the dispute resolved in Texas rather than Iran. His residence in Texas led Abbas to ask him to help with this business in the first place. And Texas has a significant interest in resolving this controversy involving allegations that Texas entities and transfers of Texas real property have been used to thwart a judgment issued by a Texas court. Although Abbas may be burdened to some extent by litigating in Texas, the other factors weigh heavily in favor of having this dispute resolved in Texas. *See id.*

### III. Conclusion

We affirm.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180844F.P05

---

[6] Metzler, Theodore, Cleaning Up Quotations, 18 J. of App. Prac. & Process 143 (2017) (discussing and explaining the "cleaned up" parenthetical, a way to shorten unnecessarily lengthy citations); *see Cadena Comercial USA Corp. v. Tex. Alcohol & Beverage Comm'n*, 518 S.W.3d 318, 341 n.18 (Tex. 2017) (Willett, J., dissenting); *see also United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017); *Robinson v. Home Owners Mgmt. Enters., Inc.*, 549 S.W.3d 226, 231 (Tex. App.—Ft. Worth 2018, pet. filed).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ABBAS ZAHRAEI, Appellant

No. 05-18-00844-CV          V.

MOHAMMAD-REZA KHOSH-SIRAT,
Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-05451-2016.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee MOHAMMAD-REZA KHOSH-SIRAT recover his costs
of this appeal from appellant ABBAS ZAHRAEI.

Judgment entered this 6th day of May, 2019.